**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Luis Antonio ANDRADE, also known
as Marco Guerraro–Perez,
Defendant–Appellant.**

No. 03–40984
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 14, 2005.

James Lee Turner, Assistant U.S. Attorney, Julia Bowen Stern, Assistant U.S.

Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Reynaldo Santos Cantu, Jr., Roland E. Dahlin, II, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender, Federal Public Defender's Office, for Defendant–Appellant.

Before BARKSDALE, GARZA, and DENNIS, Circuit Judges.

***ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES***

PER CURIAM: *

This court affirmed Luis Andrade's guilty-plea conviction for illegal re-entry subsequent to an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a), (b), and his 77-month sentence. *United States v. Andrade,* 96 Fed.Appx. 241 (5th Cir. 2004). The Supreme Court granted Andrade's petition for writ of certiorari and for leave to proceed *in forma pauperis* (IFP); vacated our previous judgment; and remanded the case for further consideration in the light of *United States v. Booker,* 543 U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *Andrade v. United States,* —— U.S. ——, 125 S.Ct. 1034, 160 L.Ed.2d 1020 (2005). We requested, and received, supplemental briefs addressing the impact of *Booker.* Having reconsidered our decision pursuant to the Supreme Court's instructions, we reinstate our judgment affirming the conviction and sentence.

For the first time in his petition for writ of certiorari, Andrade challenged the con-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

stitutionality of his sentence, based on the then-recent holding in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), because he was sentenced based on facts neither pleaded to, nor found by, a jury. Absent extraordinary circumstances, we will not consider a defendant's *Booker*-related claims presented for the first time in a petition for writ of certiorari. *United States v. Taylor*, 409 F.3d 675, 676 (5th Cir.2005).

Andrade has presented no evidence of extraordinary circumstances. Even if such circumstances were not required, because Andradeo did not raise his *Booker*-claims in district court, any review would be only for plain error. *See United States v. Mares*, 402 F.3d 511, 520 (5th Cir.2005), *cert. denied*, — U.S. —, 126 S.Ct. 43, — L.Ed.2d — (2005) (No. 04–9517). As Andrade concedes, his claims would fail the third prong of plain-error review because he does not show any error affected his substantial rights; he makes no "showing that the error ... affected the outcome of the district court proceedings". *Id.* at 521 (quotation omitted). (Along this line, Andrade contends: the district court committed "structural error" when it sentenced him under a mandatory guidelines system; and prejudice to his substantial rights should therefore be presumed. As he recognizes, however, our court has rejected this contention as inconsistent with *Mares*. *See United States v. Malveaux*, 128 Fed.Appx. 362, 363 n. 9 (5th Cir.2005). He raises the *Booker*-issue only in order to preserve it for possible review by the Supreme Court.) In sum, because he fails plain-error review, Andrade falls far short of showing the requisite extraordinary circumstances.

*AFFIRMED*